14

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                 Case No: 2:19-cr-20685
                                 HON. GERSHWIN A. DRAIN

-v-
                                 VIOLATIONS:

                                 26 U.S.C. § 7206(1)
CARL L. COLLINS, III             (Making a False Tax Return)

                                 26 U.S.C. § 7203
                                 (Willful Failure to File Return)

       Defendant,

_____/

## SECOND SUPERSEDING INDICTMENT

**FILED**
**CLERK'S OFFICE**
**MAR 17 2021**
**U.S DISTRICT COURT**
**EASTERN MICHIGAN**

THE GRAND JURY CHARGES:

### INTRODUCTION

At times relevant to this Superseding Indictment:

1.    CARL L. COLLINS, III ("COLLINS") was an attorney licensed to practice law in Michigan and other jurisdictions. COLLINS owned the Law Office of Carl Collins, III, located in Southfield, Michigan. COLLINS' primary legal practice was to represent clients who suffered personal injuries.

1

2.     COLLINS owned Alpha Living, LLC ("Alpha Living") which, in turn, owned MedCity Rehabilitation Services, LLC ("MedCity"). Alpha Living provided residential services to persons with traumatic brain injuries while MedCity provided rehabilitation services to injured persons. COLLINS previously elected to file corporate tax returns for both Alpha Living and MedCity.

3.     COLLINS also owned a real estate company called First Third, LLC ("First Third"). Collins should have reported the income and expenses of First Third on his individual income tax returns.

4.     The Internal Revenue Service ("IRS") is an agency within the U.S. Department of Treasury responsible for administering and enforcing the federal internal revenue laws regarding the ascertainment, computation, assessment, and collection of taxes owed to the United States by its citizens and residents.

5.     As part of his practice of law, COLLINS maintained at Comerica Bank several IOLTA (Interest on Lawyer's Trust Account) accounts to hold in trust the funds of clients or third parties that were in the possession of his law practice. COLLINS was required to submit information about his IOLTA accounts to the Michigan State Bar Foundation and he did so with regard to one of these IOLTA accounts.

6.     COLLINS established another IOLTA account at Bank of America. COLLINS failed to disclose to the Michigan State Bar Foundation that he had

2

opened this other IOLTA account ("the first undisclosed IOLTA account"). Nor did COLLINS disclose this account to his tax return preparers.

7.     Specific rules of professional conduct governed the operation of IOLTA accounts in Michigan. These rules, among other things, prohibited the attorney from maintaining funds other than client or third person funds in the IOLTA, and prohibited the attorney from depositing the attorney's own funds in the IOLTA in an amount more than reasonably necessary to pay financial institution service charges. In or about February 2012, COLLINS attended a State Bar of Michigan seminar on the proper use of IOLTA accounts.

## COUNT ONE
### 26 U.S.C. § 7206(1)
### (Making a False Tax Return)

8.     Paragraphs 1 through 7 above are incorporated as though fully set forth herein.

9.     During 2012, COLLINS had individual income from multiple sources. First, COLLINS' law firm received income which he reported on his individual income tax return. Second, he received dividends from Alpha Living which were labeled as "Member Share." Third, COLLINS received income through First Third, including dividend payments from Alpha Living and MedCity. Although some of the payments from Alpha Living to First Third were styled as "loans," there were no documents regarding loans from Alpha Living to First Third.

3

10.     During 2012, COLLINS deposited approximately $550,000 in income into his first undisclosed IOLTA account at Bank of America.  These deposits included checks that COLLINS drew on his Comerica Bank IOLTA account and dividend checks from Alpha Living to COLLINS labeled "Member Share." COLLINS did not inform his tax preparer about the existence of this first undisclosed IOLTA account.

11.     On his 2012 individual income tax return, COLLINS did not report approximately $550,000 in income deposited into the first undisclosed Bank of America IOLTA account.  Nor did COLLINS report on that return more than $100,000 in payments from Alpha Living and MedCity to First Third.

12.     On or about October 18, 2013, in the Eastern District of Michigan, COLLINS, a resident of Detroit, Michigan, did willfully make and subscribe a Form 1040 (U.S. Individual Income Tax Return) for the calendar year 2012, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the IRS, that reported total income on line 22 of approximately negative $55,794.  COLLINS, however, did not believe the return to be true and correct as to every material matter in that he then knew that he had received substantially more total income than the amount listed on the return.

All in violation of Title 26, United States Code, Section 7206(1).

4

## COUNTS TWO THROUGH FOUR
### 26 U.S.C. § 7203
### (Willful Failure to File Return)

13.  Paragraphs 1 through 4 above are incorporated as though fully set forth herein.

14.  During the calendar years set forth below, in the Eastern District of Michigan, CARL COLLINS, III had and received gross income of at least the amounts listed below.  By reason of such gross income, he was required by law, following the close of the calendar years and on or before the dates listed below, to make an income tax return to the IRS, stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Well knowing and believing all the foregoing, he did willfully fail, on or about the dates set forth below, in the Eastern District of Michigan and elsewhere, to make an income tax return.

| Count | Calendar Year of Tax Return | Minimum Gross Income | Approximate Due Date of Tax Return |
|-------|------------------------------|----------------------|-------------------------------------|
| Two   | 2013 | $10,000 | October 15, 2014 |
| Three | 2014 | $10,150 | October 15, 2015 |
| Four  | 2015 | $10,300 | October 15, 2016 |

All in violation of Title 26, United States Code, Section 7203.

## COUNTS FIVE THROUGH EIGHT
### 26 U.S.C. § 7203
### (Willful Failure to File Return)

15.     Paragraphs 1 through 4 above are incorporated as though fully set forth herein.

16.     During the calendar years set forth below, COLLINS was the owner of MedCity Rehabilitation Services, LLC and Alpha Living, LLC, corporations not expressly exempt from tax, with principal places of business in the Eastern District of Michigan.  He therefore was required by law, after the close of the calendar year and on or before the dates listed below, to make income tax returns, for and on behalf of those corporations, to the Internal Revenue Service, stating specifically the items of the corporations' gross income and the deductions and credits allowed by law.  Well knowing and believing all of the foregoing, he did willfully fail, on or about the dates listed below, in the Eastern District of Michigan and elsewhere, to make an income tax return.

| Count | Corporation | Calendar Year of Tax Return | Approximate Due Date of Tax Return |
|-------|-------------|------------------------------|-------------------------------------|
| Five | MedCity Rehabilitation, LLC | 2013 | September 15, 2014 |
| Six | Alpha Living, LLC | 2013 | March 17, 2014 |
| Seven | Alpha Living, LLC | 2014 | March 16, 2015 |
| Eight | Alpha Living, LLC | 2015 | September 15, 2016 |

All in violation of Title 26, United States Code, Section 7203.

## COUNT NINE
## 26 U.S.C. § 7206(1)
### (Making a False Tax Return)

17.     Paragraphs 1 through 7, 9 and 10 above are incorporated as though fully set forth herein.

18.     On or about January 9, 2017, COLLINS filed an amended 2012 individual income tax return.  However, COLLINS failed to disclose to the individual who prepared his amended return that he had received substantial income in his first undisclosed IOLTA account.

19.     On or about January 9, 2017, in the Eastern District of Michigan, COLLINS, a resident of Detroit, Michigan, did willfully make and subscribe an amended Form 1040X (Amended U.S. Individual Income Tax Return) for the calendar year 2012, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the IRS, that reported adjusted gross income on line 1 of approximately $130,969.  COLLINS, however, did not believe the return to be true and correct as to every material matter in that he then knew that he had received substantially more adjusted gross income than the amount listed on the return.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT TEN
## 26 U.S.C. § 7206(1)
### (Making a False Tax Return)

20.     Paragraphs 1 through 7 above are incorporated as though fully set forth herein.

21.     During 2015, COLLINS deposited approximately $580,000 into his first undisclosed Bank of America IOLTA account.  These deposits included approximately $360,000 in payments from another law firm to Alpha Living and approximately $220,000 from numerous checks that Collins drew on his other law firm accounts.  During 2015 and 2016, Collins transferred approximately $367,000 of the funds to First Third and for the purchase of properties by First Third.

22.     In or about October 2016, COLLINS was interviewed by IRS special agents about, among other things, COLLINS' failure to file individual and corporate tax returns.

23.     On or about March 20, 2017, COLLINS filed a delinquent 2015 individual income tax return.  However, COLLINS failed to disclose to the individual who prepared his delinquent return that he had received substantial income in his first undisclosed IOLTA account.

24.     On or about March 20, 2017, in the Eastern District of Michigan, COLLINS, a resident of Southfield, Michigan, did willfully make and subscribe a Form 1040 (U.S. Individual Income Tax Return) for the calendar year 2015, which

was verified by a written declaration that it was made under the penalties of

perjury and was filed with the IRS, that reported total income on line 22 of

approximately $54,075.  COLLINS, however, did not believe the return to be true

and correct as to every material matter in that he then knew that he had received

substantially more total income than the amount listed on the return.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT ELEVEN
### 26 U.S.C. § 7206(1)
### (Making a False Tax Return)

25.     Paragraphs 1 through 7 above are incorporated as though fully set

forth herein.

26.     On or about March 28, 2017, COLLINS filed a delinquent 2015

corporate tax return for Alpha Living, LLC.  Prior to that date, COLLINS supplied

the individual who prepared this delinquent return with specific dollar amounts to

use in preparing the return. The dollar amounts that COLLINS provided to the tax

preparer were false because those figures did not include approximately $360,000

in deposits he made into his first undisclosed IOLTA account in the form of checks

payable to Alpha Living, LLC.

27.     On or about March 28, 2017, in the Eastern District of Michigan,

COLLINS did willfully make and subscribe a Form 1120 (U.S. Corporation

Income Tax Return) for the calendar year 2015, which was verified by a written

9

declaration that it was made under the penalties of perjury and was filed with the

IRS, that reported total income on line 11 of approximately $218,577. COLLINS,

however, did not believe the return to be true and correct as to every material

matter in that he then knew that Alpha Living, LLC had received substantially

more total income than the amount listed on the return.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT TWELVE
### 26 U.S.C. § 7206(1)
### (Making a False Tax Return)

28.     Paragraphs 1 through 4, and 7 above are incorporated as though fully

set forth herein.

29.     In or about 2015, COLLINS opened an IOLTA account at Comerica

Bank that he failed to disclose to the Michigan State Bar Foundation ("the second

undisclosed IOLTA account.")

30.     During 2018, COLLINS withdrew approximately $700,000 from the

second undisclosed IOLTA account by means of checks and cashier's checks that

he then used to pay for personal expenses including taxes, mortgage payments, and

home renovations.

31.     COLLINS used a new tax preparer to prepare his tax return for the

2018 tax year.

10

32.    On or about March 25, 2019, COLLINS filed his 2018 individual income tax return.  However, COLLINS failed to disclose to the new tax preparer that he had received substantial income in the form of funds he took from his second undisclosed IOLTA account at Comerica Bank.

33.    On or about March 25, 2019, in the Eastern District of Michigan, COLLINS, a resident of Southfield, Michigan, did willfully make and subscribe a Form 1040 (U.S. Individual Income Tax Return) for the calendar year 2018, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the IRS, that reported total income on line 6 of approximately $211,000.  COLLINS, however, did not believe the return to be true and correct as to every material matter in that he then knew that he had received substantially more total income than the amount listed on the return.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT THIRTEEN
### 26 U.S.C. § 7206(1)
### (Making a False Tax Return)

34.    Paragraphs 1 through 4, 7, and 29 above are incorporated as though fully set forth herein.

35.    On or about October 10, 2019, a grand jury returned an indictment in this case against COLLINS which charged him with, among other things, filing false individual income tax returns by failing to report income which he deposited

11

into his first undisclosed IOLTA account. COLLINS was arraigned on these charges before a United States Magistrate Judge on or about October 17, 2019.

36.     On or about February 27, 2020, a grand jury returned a superseding indictment in this case against COLLINS which again charged him with, among other things, filing false individual income tax returns by failing to report income which he deposited into his first undisclosed IOLTA account. COLLINS was arraigned on these charges before a United States Magistrate Judge on or about March 10, 2020.

37.     During 2019, COLLINS withdrew approximately $175,000 from his second undisclosed IOLTA account by means of checks and cashier's checks that he then used to make deposits into his personal bank account and to pay for personal expenses, including taxes.

38.     COLLINS again used the new tax preparer to prepare his 2019 tax year.

39.     On or about July 7, 2020, COLLINS filed his 2019 individual income tax return. Even though COLLINS had already been criminally charged with filing false tax returns by failing to report income through an IOLTA account, COLLINS failed to disclose to the new preparer that he had received substantial income in the form of funds he took from his second undisclosed IOLTA account.

40.    On or about July 7, 2020, in the Eastern District of Michigan, COLLINS, a resident of Southfield, Michigan, did willfully make and subscribe a Form 1040 (U.S. Individual Income Tax Return) for the calendar year 2019, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the IRS, that reported total income on line 7b of approximately $275,184.  COLLINS, however, did not believe the return to be true and correct as to every material matter in that he then knew that he had received substantially more total income than the amount listed on the return.

All in violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

 March 17, 2021
DATE

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division

*s/Kenneth C. Vert*
KENNETH C. VERT
JEFFREY A. McLELLAN
Trial Attorneys

13

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>19-cr-20685 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes   ☒ No | **AUSA's Initials:** _CDGH_ |

**Case Title:** USA v.  CARL L. COLLINS, III

**County where offense occurred :**  Oakland County and Wayne County

**Check One:**   ☒ Felony          ☐ Misdemeanor

  ____Indictment/____Information --- **no** prior complaint.
  ____Indictment/____Information --- based upon prior complaint [Case number:     ]
  _✓_Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding below]*

**FILED**
CLERK'S OFFICE
MAR 17 2021
U.S. DISTRICT COURT
EASTERN MICHIGAN

**Superseding Case Information**

**Superseding to Case No:** 19-cr-20685          **Judge:**  Gershwin A. Drain

  ☐ Corrects errors; no additional charges or defendants.
  ☐ Involves, for plea purposes, different charges or adds counts.
  ☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Carl L. Collins, III | Counts 11-13<br>26 U.S.C § 7206(1) | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 17, 2021
_____
Date

Kenneth C. Vert
U.S. Department of Justice
Tax Division
P.O Box 972
Washington, DC 20044
202-305-9792
Kenneth.C.Vert@usdoj.gov

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.