UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　　　　　　　v.

CARL L. COLLINS, III,

　　　　　Defendant.

_____/

Case No. 19-cr-20685

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF MICHIGAN STATE BAR FOUNDATION IOLTA ACCOUNT REQUIREMENTS AND HEARINGS (ECF NOS. 31, 32), GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE OTHER BAD ACT EVIDENCE (ECF NO. 42), AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION *IN LIMINE* TO COMPEL THE UNITED STATES TO PRODUCE CERTAIN TAX RETURNS, INFORMATION AND REPORTS (ECF NO. 43)

## I.    INTRODUCTION

On February 27, 2020, a grand jury returned a superseding indictment against Defendant, Carl L. Collins, III ("Defendant"), charging him with three counts of making a false tax return in violation of 26 U.S.C. § 7206(1) (Counts One, Nine, and Ten) and seven counts of willful failure to file return in violation of 26 U.S.C. § 7203

1

(Counts Two through Eight).  *See* ECF No. 22.  Presently before the Court are Defendant's four Motions *in Limine*.  ECF No. 32.  Specifically, Defendant moves to exclude evidence of any hearing before the Michigan State Bar Foundation and/or evidence of the requirements placed upon lawyers regarding Interest Only Lawyer Trust Accounts ("IOLTA") by the Michigan State Bar Foundation.  ECF Nos. 31, 32.[1]  He further moves to exclude the introduction of "bad acts" evidence related to his tax history.  ECF No. 42.  Finally, Defendant moves to compel the Government to produce certain relevant tax returns, tax information, and reports.  ECF No. 43.

These motions are fully briefed.  The Court held a hearing on this matter on January 13, 2022.  For the following reasons, the Court will **DENY** Defendant's Motion *in Limine* to Exclude Evidence of Michigan State Bar Foundation IOLTA Account Requirements and Hearings (ECF Nos. 31, 32), **DENY** Defendant's Motion *in Limine* to Exclude Other Bad Act Evidence (ECF No. 42), and **GRANT IN PART AND DENY IN PART** Defendant's Motion *in Limine* to Compel the United States to Produce Certain Tax Returns, Information and Reports (ECF No. 43).

---

[1] Defendant filed an Amended Motion *in Limine* to Exclude Evidence of Michigan State Bar Foundation IOLTA Account Requirements and Hearings (ECF No. 32) on the same day he filed his original motion (ECF No. 31).  The Court will cite to the Amended Motion (ECF No. 32) for the remainder of this Opinion and Order.

2

## II.   BACKGROUND

Defendant appeared on a criminal indictment before Magistrate Judge Grand on October 17, 2019.  Following Defendant's initial appearance, Magistrate Judge Grand entered an Order Setting Conditions of Release.  ECF No. 7.  Defendant was thus ordered released on an unsecured bond with conditions.  *Id.*; ECF No. 8.  He remains on bond pending trial.

Defendant is charged with three counts of filing false tax returns and seven counts of willfully failing to timely file tax returns.  Specifically, the Superseding Indictment charges Defendant with failing to timely file personal tax returns for the years 2013, 2014, and 2015 (Counts Two through Four); failing to timely file a 2013 corporate tax return for a corporation which provided residential services to injured persons, MedCity Rehabilitation Services, LLC ("MedCity") (Count Five); failing to timely file corporate tax returns for a corporation which provided residential services to persons with traumatic brain injuries, Alpha Living, LLC ("Alpha Living"), for the years 2013, 2014, and 2015 (Counts Six through Eight); and filing a false 2012 personal tax return, a false 2012 amended personal tax return, and a false 2015 delinquent tax return (Counts One, Nine, and Ten).

Defendant now moves *in limine* to exclude evidence and information from his pending trial.  The Court will address each of Defendant's three motions *infra*.

3

### III.   LAW & ANALYSIS

**A. Legal Standard**

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  The purpose of these motions is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999).  In disposing of a motion *in limine*, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio, 2004).

A court should exclude evidence on a motion *in limine* only when that evidence is determined to be clearly inadmissible on all potential grounds. *Id*.  When a court is unable to determine whether certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context.  *Id*.  Whether to grant a motion *in limine* falls within the sound discretion of the trial court. *Branham v. Thomas Cooley Law Sch.*, 689 F.3d 558, 560 (6th Cir. 2012).

4

## B. Defendant's Motion *in Limine* to Exclude Evidence of Michigan State Bar Foundation IOLTA Account Requirements and Hearings (ECF Nos. 31, 32)

The Government has indicated it intends to offer into evidence that Defendant failed to: (1) disclose an IOLTA account, which was maintained at Bank of America, to the Michigan State Bar Foundation; and (2) comply with the Michigan State Bar Foundation (hereinafter, "Bar Foundation") rules governing IOLTA accounts—specifically the rule prohibiting an attorney from depositing his own funds into an IOLTA account. ECF No. 32, PageID.126. In his present Motion, Defendant moves *in limine* for the Court to preclude the Government from introducing this evidence. *Id.* He argues that such evidence is "simply not relevant." *Id.* at PageID.128. Moreover, Defendant contends this evidence will "result in unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time." *Id.* at PageID.129, 130.

The Superseding Indictment alleges, in part, that Defendant "failed to disclose to the Michigan State Bar Foundation that he opened this other IOLTA account ('the undisclosed IOLTA account')" and that he failed to disclose the account to his tax preparers. ECF No. 22, PageID.81–82. Additionally, the Superseding Indictment indicates that the rules of professional conduct governing the operation of IOLTA accounts in Michigan prohibit an attorney from maintaining funds other than client

5

or third-person funds in an IOLTA account and from depositing personal funds in such account. *Id.* at PageID.82. On December 18, 2019, the Government filed a Rule 404(b) notice, stating its intention to introduce evidence that the Michigan Attorney Grievance Commission ("Commission") investigated Defendant for misuse of an IOLTA. ECF No. 11, PageID.30.

In its Response to the present Motion, the Government provides additional background for its proffered evidence. It explains that the Commission began investigating Defendant for misusing an IOLTA account in 2010. ECF No. 34, PageID.142. On February 7, 2012, during the investigation, Defendant purportedly submitted a sworn statement in which he falsely stated he only had two IOLTA accounts. *Id.* This admission excluded any mention of his undisclosed IOLTA account. *Id.* Later that month, Defendant attended a seminar on the proper use of IOLTA accounts. *Id.* at PageID.143. Prior to attending this seminar, Defendant purportedly only made one transaction in his undisclosed IOLTA account. *Id.* After attending this seminar, however, between August and December 2012, Defendant allegedly deposited several checks into that account, totaling more than $550,000. *Id.* at PageID.144. Defendant then deposited more than $580,000 into the same undisclosed account in 2015. *Id.* The Government emphasizes that Defendant did not report either of these deposits in either his 2012 or 2015 tax returns. *Id.*

6

According to the Government, the Commission continued its investigation and eventually filed a formal complaint against Defendant in August 2015 for misuse of an IOLTA account. *Id.* In July 2016, the attorney disciplinary board concluded that Defendant had indeed misused his IOLTA account in various ways connected to keeping personal funds in his account. *Id.* The Government purports that despite this finding, Defendant subsequently filed tax returns which failed to report the income he deposited into his undisclosed IOLTA account, as indicated *supra*. *Id.*

### 1. Intrinsic Evidence

The Government first argues the evidence is admissible as intrinsic evidence. ECF No. 34, PageID.145. Rule 404(b) of the Federal Rules of Evidence prohibits, with certain exceptions, the admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). In *United States v. Barnes*, the Sixth Circuit Court of Appeals held, "Rule 404(b) does not apply where the challenged evidence is 'inextricably intertwined' with evidence of the crime charged in the indictment." 49 F.3d 1144, 1149 (6th Cir. 1995); *see also United States v. Holden*, 557 F.3d 698, 704 (6th Cir. 2009). The *Barnes* court explained that "[w]hen the other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed

7

'extrinsic.'" *Barnes*, 49 F.3d at 1149.  Conversely, "'[i]ntrinsic acts . . . are those that are part of single criminal episode." *Id.*  As such, "Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity." *Id.*

Additionally, in criminal tax actions, the Sixth Circuit has permitted the introduction of other fraudulent documents created by defendants as part of a scheme to commit tax fraud, ultimately concluding that such evidence falls outside the ambit of Rule 404(b).  *United States v. Daulton*, 266 F. App'x 381, 385 (6th Cir. Jan. 8, 2008); *see United States v. Tarwater*, 308 F.3d 494, 516–17 (6th Cir. 2002).  In *Dalton*, the court upheld the admission of other acts evidence—which included statements from clients regarding returns for years that were not included in the indictment—in the defendant's trial for filing false and fraudulent tax returns. *Daulton*, 266 F. App'x at 385.  The court held this evidence was intrinsic to the charged offense and "sheds light on the charged conduct by revealing the procedures [the defendant] used to prepare his returns." *Id.*  It is noteworthy that the *Daulton* court did not require the other acts evidence to be proximate in time to the charged offenses in order to be considered part of a continuing pattern of illegal activity.

In its Response, the Government relies on *United States v. Hardy*, 228 F.3d 745 (6th Cir. 2000) to support its argument that the proffered evidence is intrinsic

8

and therefore outside the purview of Rule 404(b).  ECF No. 34, PageID.145.  In

*Hardy*, the Sixth Circuit provided that:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense.  Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*Id.* at 748 (citation omitted).  Applying these limitations to the evidence at issue, the

court determined the testimony of the government's key witness was not necessary

to explain the charged offense, complete the story of the testimony, or establish the

charged conspiracy itself.  *Id.* at 749–750.  The court emphasized that the

testimony—which centered around alleged drug transactions occurring six years

before the date of the conspiracy alleged in the indictment began—failed to establish

the inception of the charged conspiracy and therefore, the district court erred in

admitting it as intrinsic evidence.  *Id.*

Here, the Government emphasizes that Defendant is charged with failing to

report income that he channeled through an IOLTA account which he failed to

disclose to the Bar Foundation and to his tax preparers.  ECF No. 34, PageID.146.

The Government argues that Defendant's act of opening the account is a "prelude to

the charged offenses."  *Id.*  Moreover, the Government asserts that the manner in

which Defendant used this account is "directly probative of the charged offenses."

9

*Id.* Specifically, the transactions executed through this account "are the very ones that show the unreported income in this case, thereby forming an integral part of the story of the charged offense." *Id.* (citing *Hardy*, 228 F.3d at 748).

Defendant asserts that the Commission's investigation did not involve his undisclosed IOLTA account at Bank of America; rather, the investigation related to his IOLTA accounts at Comerica Bank. ECF No. 36, PageID.164. He emphasizes that the undisclosed IOLTA account had a balance of "less than $600" between the time the investigation commenced in 2010 and the date of his deposition in 2012. *Id.* at PageID.164–65. Defendant thus argues that the proffered evidence related to the Commission's investigation "does not relate to the so-called secret bank account at Bank of America and is not inextricably intertwined with the tax violations charged in the superseding indictment." *Id.* at PageID.165.

Defendant fails to provide any case law, controlling or otherwise, that supports his contention that the "other act" evidence at issue herein is extrinsic to the acts charged in the Superseding Indictment. The proffered evidence allegedly shows Defendant withheld information concerning his undisclosed IOLTA account at Bank of America during a February 2012 deposition for the Commission's investigation. This investigation specifically focused on Defendant's purported misuse of an IOLTA account known to the Bar Foundation. While the Court

10

recognizes Defendant's assertion that this investigation related to the IOLTA accounts at Comerica Bank, the Court notes that, during his deposition, Defendant was asked multiple times how many IOLTA accounts he had *generally*.  ECF No. 36-1, PageID.178, 180, 183.  Nevertheless, when Defendant was asked about his other accounts besides the Comerica IOLTA accounts, Defendant only mentioned an operating business account with Comerica Bank.  *Id.* at PageID.180.

Importantly, the proffered evidence also reveals Defendant deposited several checks into the undisclosed IOLTA account at Bank of America between August and December 2012, after the aforementioned deposition and a seminar on the proper use of lawyer trust accounts, in the name of his law firm and Alpha Living. ECF No. 34, PageID.144.  In 2015, Defendant also allegedly deposited more than $580,000 into the undisclosed IOLTA account.  *Id.*  The Government asserts Defendant later filed tax returns which failed to report either of these deposits.  *Id.* at PageID.144–45.  These transactions allegedly demonstrate the unreported income at issue in the Superseding Indictment.  Such evidence is thus part of the same criminal allegations charged in the present matter.  While the timeframe for this evidence may postdate the February 2012 deposition and seminar, it is nonetheless intrinsic to Defendant's alleged actions in filing false and fraudulent personal and corporate tax returns during the timeframe alleged in the Superseding Indictment.

11

In sum, because the Government seeks to introduce other act evidence that is so closely related to the charged offense and which sheds light on Defendant's scheme of filing false returns, this evidence does not implicate Rule 404(b). Accordingly, the Court finds that the Government's proffered evidence is admissible as intrinsic evidence.

### 2. Rule 404(b) Admission Analysis

The Government argues that even if the other act evidence is extrinsic to the charged offense, it is nonetheless admissible pursuant to Rule 404(b)(2), which permits admission of other crimes or wrongs for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. Fed. R. Evid. 404(b)(2).  In his present Motion, Defendant asserts the evidence relating to the Commission's investigation and hearings "do not have any relevance to [his] motive, opportunity, intent, plan, knowledge or absence of mistake regarding his taxes or tax returns for 2012 and/or 2015."  ECF No. 36, PageID.166.  He contends his taxes "were never mentioned" during the Commission's investigation. *Id.*  Despite its finding above, the Court will address the Government's alternative argument out of an abundance of caution.

Before a district court can admit such evidence, it must first make a preliminary determination that there is sufficient evidence the other act occurred.

12

*United States v. Barnes*, 822 F.3d 914, 920 (6th Cir. 2016).  Next, the district court must ascertain whether the other act evidence is admissible for a proper purpose under Rule 404(b).  *Id.*  Lastly, the court must determine whether the other acts evidence is more prejudicial than probative.  *Id.*  The Court will analyze the Government's proffered evidence concerning Defendant's undisclosed IOLTA account at Bank of America and the Bar Foundation IOLTA Account Requirements and Hearings under this three-part test *infra*.

### i.    Sufficient Evidence Other Acts Occurred

As discussed *supra*, the Court must first determine whether there is sufficient evidence to show Defendant committed the other acts.  The Supreme Court has held the government is not required to demonstrate the other acts occurred by a preponderance of evidence.  *Huddleston v. United States*, 485 U.S. 681, 689 (1988).  "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor."  *Id.*

Here, the evidence shows the Commission began investigating Defendant for misusing an IOLTA account known to the Bar Foundation in 2010.  On February 7, 2012, Defendant gave a sworn statement regarding his Comerica IOLTA accounts before the Commission but failed to mention his separate IOLTA account at Bank of America.  *See generally* ECF No. 36-1.  The evidence also shows Defendant

13

attended a seminar on the proper use of lawyer trust accounts on February 28, 2012. This seminar included information on how attorneys like Defendant could notify the Bar Foundation when they opened an IOLTA account.  Moreover, the evidence demonstrates that in July 2016, after a formal complaint from the Commission, the attorney disciplinary board found Defendant failed to comply with the Bar Foundation rules governing IOLTA accounts—specifically the rule prohibiting an attorney from depositing his own funds into an IOLTA account.

The Court finds sufficient evidence exists that the acts in question took place. Accordingly, the first prong is satisfied.

### ii.    Admissible for Legitimate Purpose

As to the second prong of the analysis, the Court must determine whether the other acts evidence is admissible for a legitimate purpose.  The Court must therefore ascertain "whether the evidence is probative of a material issue other than character." *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008) (internal citations and quotation marks omitted).  The Sixth Circuit has held that proffered Rule 404(b) evidence "is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *Id.* at 441–42 (citations omitted).

14

The other-act evidence showing Defendant concealed his IOLTA account at Bank of America from the Bar Foundation and from the Commission during its investigation is admissible for the purpose of demonstrating willful intent under Rule 404(b).   The Government must prove Defendant's specific intent beyond a reasonable doubt for the charged conduct in this matter.   *United States v. Lattner*, 385 F.3d 947, 957 (6th Cir. 2004).   The Court thus agrees with the Government that the fact that Defendant violated Bar rules to conceal income in his separate IOLTA account, after attending a seminar on proper use of IOLTA accounts and while being investigated by the Commission for misusing other IOLTA accounts, is relevant to show the requisite criminal intent for the charged crimes.   Moreover, the evidence can show absence of mistake or accident that his tax preparers did not include the IOLTA income on the charged returns.

The Court disagrees with Defendant's assertion that the Commission's rules relating to IOLTA accounts are irrelevant to the tax charges contained in the Superseding Incitement.   ECF No. 36, PageID.167.   The February 2012 seminar, which covered the Bar Foundation's rules governing IOLTA accounts, demonstrates notice to Defendant to not misuse accounts for tax purposes.   Indeed, the evidence shows Defendant was specifically informed at this seminar to not use his trust account to avoid creditors, including the Internal Revenue Service ("IRS"), and

15

subsequently filed tax returns which failed to report income he allegedly deposited into his undisclosed IOLTA account.  ECF No. 34, PageID.152–53.

The Sixth Circuit has explained that in order "[t]o determine if evidence of other acts is probative of intent, we look to whether the evidence relates to conduct that is substantially similar and reasonably near in time to the specific intent offense at issue."  *United States v. Barnes*, 822 F.3d 914, 922 (6th Cir. 2016) (citation omitted).  "When an act and a charged offense are so dissimilar that the act has no logical tendency to prove the intent element of the charged offense, no degree of temporal proximity will infuse the act with probative value."  *United States v. Haywood*, 280 F.3d 715, 722 (6th Cir. 2002) (citation omitted).

Upon review of the Parties' arguments, the Court agrees with the Government and finds the proffered concealment and notice evidence are probative of willfulness.  In the present matter, Defendant is specifically charged with using an undisclosed IOLTA account to conceal income that he did not report on his tax returns.  The other-act evidence showing Defendant concealed his IOLTA account at Bank of America from the Bar Foundation and from the Commission during its investigation is thus substantially similar to the charged conduct.  Moreover, the Commission's investigation, which spanned from 2010 to 2016, temporally overlaps with the charged tax misconduct in 2012 through 2017.  Such evidence is thus also

16

"reasonably near in time" to the charged offenses in the Superseding Indictment. *Barnes*, 822 F.3d at 922.

Defendant cites to an unpublished Sixth Circuit decision to support his argument that the Government's evidence is not substantially similar to the tax charges contained in the Superseding Indictment.  ECF No. 32, PageID.130; ECF No. 36, PageID.168.  In *United States v. Snyder*, the defendant was on trial for willfully failing to pay over taxes, in violation of 26 U.S.C. § 7202, and embezzling from an employee-benefit plan, in violation of 18 U.S.C. § 664.  789 F. App'x 501, 503 (6th Cir. 2019).  The court determined evidence of two IRS witnesses, who testified the defendant failed to file personal income-tax returns for many years, was propensity evidence, and thus inadmissible under Rules 403 and 404(b).  *Id.* at 505.  The court thus held the defendant's alleged personal tax problems were not "substantially similar" to the charged conduct.  *Id.* (citation omitted).  Unlike the evidence offered in *Snyder*, which the court determined "involved different taxes, taxpayers, and omissions," *id.* at 507, the proffered concealment and notice evidence here is related to Defendant's alleged conduct in failing to report substantial income into an undisclosed IOLTA account.

In sum, the evidence that Defendant failed to (1) disclose an IOLTA account at Bank of America to the Bar Foundation and (2) comply with the Bar Foundation's

17

rules governing IOLTA accounts is probative of willful intent, knowledge, and absence of mistake, which are material issues other than character.  The second prong of the Rule 404(b) admission analysis is thus satisfied.

### iii.    Prejudicial/Probative Balancing

As for the third and final prong of the Rule 404(b) analysis, the Court must determine whether the prejudicial impact of the proffered evidence substantially outweighs its aforementioned probative value.  The Sixth Circuit has explained that a district court has "very broad discretion in determining whether the danger of undue prejudice outweighs the probative value of the evidence."  *United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989) (internal citation and quotation marks omitted).  In his Motion, Defendant argues that "any minimal probative value this evidence has with regard to the charges of filing false tax returns for 2012 and 2015 is greatly outweighed by the danger of unfair prejudice and confusion of the issues." ECF No. 32, PageID.130; *see also* ECF No. 36, PageID.168.

To evaluate prejudice, the Court must determine whether "[t]he jury's decision will be based upon improper factors, notably the character and past conduct of the accused, rather than upon the evidence presented on the crime charged." *United States v. Vance*, 871 F.2d 572, 577 (6th Cir. 1989) (citation omitted). "Evidence is not unfairly prejudicial simply because it provides more support for a

18

conclusion that the defendant committed the crime.  It is unfairly prejudicial if its

serves to 'inflame the passions of the jury' and cause them to ignore the evidence."

*United States v. Daulton*, 266 F. App'x 381, 385 (6th Cir. 2008) (citing *United States*

*v. Whittington*, 455 F.3d 736, 739–40 (6th Cir. 2006); *United States v. Thomas*, 49

F.3d 253, 258-59 (6th Cir. 1995)).  The proffered other-act evidence the Government

seeks to offer is not of the type to inflame the passions of the jury or cause them to

ignore the evidence.  Importantly, the Government asserts this evidence "will be

only a modest portion" of its case-in-chief.  ECF No. 34, PageID.155.  It explains,

"[b]eing financial and transactional in nature, the evidence is not likely to shock,

unfairly sway, or cause the jury to convict the defendant based on the other acts

evidence instead of the conduct charged in the indictment."  *Id.*  The Court finds the

evidence, which is substantially similar to and intertwined with the alleged conduct

in the Superseding Indictment, has significant probative value which is not

outweighed by its prejudicial effect.  *See United States v. Jenkins*, 871 F.2d 598, 605

(6th Cir. 1989).

In sum, the Government's proffered concealment and notice evidence, in

addition to being admissible as intrinsic evidence, satisfies the three prongs of the

Rule 404(b) admission analysis.  Accordingly, the Court will deny Defendant's

19

Motion *in Limine* to Exclude Evidence of Michigan State Bar Foundation IOLTA

Account Requirements and Hearings (ECF No. 32).

### C. Defendant's Motion *in Limine* to Exclude Other Bad Act Evidence (ECF No. 42)

The Government provided notice of its intention to offer evidence Defendant

failed to timely file tax returns for (1) himself for tax years 2000 through 2011; (2)

MedCity for tax years 2010 to 2012; and (3) Alpha Living for tax years 2009 through

2011; as well as evidence that Defendant filed false tax returns for Alpha Living for

tax years 2012 and 2015.  ECF No. 44, PageID.233.  Additionally, the Government

provided notice of its intent to offer evidence concerning a Michigan Grievance

Commission investigation and proceedings against Defendant.[2]   *Id.*   The

Government seeks to introduce this evidence pursuant to Federal Rule of Evidence

404(b) to show Defendant's "intent, plan, knowledge, and absence of mistake or lack

of accident."  *Id.*  Since providing notice to Defendant, the Government amended its

request to offer evidence of Defendant's tax filing history for himself and his

businesses to start with the year 2006, as opposed to 2000.  *Id.* at PageID.235.

---

[2] In his Reply, Defendant asserts the Government "has not presented any argument on this topic in its response."  ECF No. 46, PageID.284.  Indeed, the Government's Response focuses on the evidence concerning Defendant's tax filing history. Importantly, however, the Parties address evidence related to the Bar Foundation's rules governing IOLTA accounts in Defendant's first Motion.  *See supra*.

20

In his present Motion, Defendant moves *in limine* to preclude the Government from introducing some of the aforementioned evidence concerning earlier tax matters.[3]  Defendant argues such evidence does not relate to the years at issue in the Superseding Indictment.   ECF No. 42, PageID.204.   Defendant avers the introduction of his alleged prior late filed tax returns—specifically 2006 and 2007, ECF No. 46, PageID.283—"would result in unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time," ECF No. 42, PageID.205.

Rule 404(b) permits the admission of other crimes or wrongs for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake.   Fed. R. Evid. 404(b)(2).   As discussed *supra*, the Court must employ a three-part test determine the admissibility of Defendant's tax filing history in the years 2006 and 2007 under Rule 404(b).   *See United States v. Barnes*, 822 F.3d 914, 920 (6th Cir. 2016).

### 1. Sufficient Evidence Other Acts Occurred

The Court must first determine whether there is sufficient evidence to show Defendant committed the other acts.   Here, the Government contends the evidence

---

[3] As indicated *supra*, the Government amended its request to offer evidence of Defendant's tax filing history beginning with the year 2006.   Defendant acknowledged this modification in his Reply.   ECF No. 46, PageID.282.   Defendant clarifies in his Reply that he only objects evidence related to his 2006 and 2007 tax returns.   *Id.* at PageID.283.   The Court's analysis will thus focus on those years.

"is easily sufficient to establish that the [D]efendant failed to timely file several years of individual and corporate federal income tax returns." ECF No. 44, PageID.236. The Government explains it will prove that Defendant failed to timely file the individual and corporate returns at issue by offering the date-stamped delinquent returns, certified IRS computer-generated transcripts of account for the pertinent years and entities, and, in some instances, correspondence between the IRS and Defendant accompanying the delinquent returns. *Id.* at PageID.236–37. The Court finds this evidence sufficient to demonstrate Defendant untimely filed tax returns in 2006 and 2007. Accordingly, the first prong is satisfied.

### 2. Admissible for Legitimate Purpose

As to the second prong of the analysis, the Court must determine whether the other acts evidence is admissible for a legitimate purpose. As explained in the preceding section, proffered Rule 404(b) evidence "is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Bell*, 516 F.3d 432, 441–42 (6th Cir. 2008) (citations omitted).

Here, the Government first argues the evidence of Defendant's prior non-compliance with tax laws in the years preceding the charges in the Superseding

Indictment is probative of willfulness, which is a material issue other than character. ECF No. 44, PageID.241.  It emphasizes that it must show willfulness for the specific intent crimes charged in the present matter.  *Id.* at PageID.237.  The Government cites to *United States v. Lattner*, 385 F.3d 947 (6th Cir. 2004) and *United States v. Spikes*, 158 F.3d 913, 930 (6th Cir. 1998) for the proposition that it is permitted to introduce evidence to prove Defendant acted with the requisite criminal intent for the present specific intent crimes.  *Id.* at PageID.237–38.  Additionally, the Government contends the proffered evidence "will also show that it was part of [D]efendant's plan to continue his tax misconduct, that he very well knew that his tax returns were not being timely filed, and that his failures to file were not by mistake or accident."  ECF No. 44, PageID.240–41.  The Government asserts the proffered evidence can address Defendant's potential assertions of mistake or accident for his alleged failures to timely file returns in Counts Two through Eight. *Id.* at PageID.240.

Defendant does not dispute intent is material to the aforementioned counts. Rather, Defendant argues the proffered evidence has "little to no probative value," as it occurred "five full years or more prior to the dates alleged in the Superseding Indictment."  ECF No. 42, PageID.210; *see also* ECF No. 46, PageID.283.  During the hearing, Defendant further asserted his returns from 2006 and 2007 were

23

cumulative, and therefore of little probative value, because the Government is also introducing late filed returns from 2008, 2009, 2010, 2011, and 2012.  *See* Fed. R. Evid. 403.

The Sixth Circuit has explained that in order "[t]o determine if evidence of other acts is probative of intent, we look to whether the evidence relates to conduct that is substantially similar and reasonably near in time to the specific intent offense at issue."  *United States v. Barnes*, 822 F.3d 914, 922 (6th Cir. 2016) (citation omitted).   Moreover, the Sixth Circuit has held that "[i]t is well-settled that previously filed tax returns or other proof of prior taxpayer history is admissible, pursuant to Fed. R. Evid. 404(b), to establish a defendant's knowledge of a legal duty to pay taxes."  *United States v. Middleton*, 246 F.3d 825, 836 (6th Cir. 2001) (citation omitted).

Upon review of the Parties' arguments, the Court agrees with the Government and finds that Defendant's prior tax returns are probative of willfulness. Importantly, the Sixth Circuit has upheld several district courts' decisions to admit uncharged tax misconduct to prove a defendant's willfulness with respect to charged tax crimes.  For example, in *United States v. Harris*, the Sixth Circuit found the district court did not err in determining evidence concerning two codefendants' tax histories of failing to file returns for themselves or their companies was admissible

24

for a legitimate purpose.  200 F. App'x 472, 509 (6th Cir. 2006).  The Court

explained:

> The jury could reasonably infer that such a sustained streak of non-
> filing and nonpayment … reflected not a mistaken understanding of
> [defendants'] duties under federal tax law, but an intent to shirk those
> duties … [o]f course, the jury might also conclude that all of
> [defendants'] non-filings and nonpayments, both within and outside the
> conspiracy period, were caused by a sincere belief that they were not
> required to file returns and pay taxes, or that they had already done all
> that was required.  But the fact that the jury could find either way does
> not negate the legitimate purpose for which the evidence was
> admitted[.]

*Id.* at 510.  In *United States v. Ausmus*, the Sixth Circuit again upheld a district

court's decision to admit evidence the defendant failed to pay his income taxes for

years prior to and following the years charged in the information.  774 F.2d 722, 728

(6th Cir. 1985).  The court determined that "[t]he defendant's failure to pay taxes,

both prior to and following the years in question, demonstrates a pattern, plan, and

scheme indicating that his failure to pay his taxes in 1978, 1979, and 1980 was not

the result of an accident, negligence, or inadvertence.  The pattern demonstrates

willfulness, which was part of the government's prima facie case."  *Id.*

Here, the evidence of Defendant's prior non-compliance with tax laws in the

years prior to those charged in the Superseding Indictment—2006 to 2012—shows

willfulness to commit the charged tax crimes.  Moreover, the evidence of

Defendant's prior non-compliance with tax laws is substantially similar, and nearly

25

identical, to the present charges, which include three counts of making a false tax return and seven counts of willful failure to file return. *See United States v. Middleton*, 246 F.3d 825, 836 (6th Cir. 2001) (determining that it is well-settled that previously filed tax returns or other proof of prior taxpayer history is admissible to establish a defendant's knowledge of a legal duty to pay taxes).

Defendant cites to the same unpublished Sixth Circuit decision to support his argument that the Government's evidence is not substantially similar to the charges in the present Superseding Indictment. ECF No. 42, PageID.206. As discussed *supra*, in *United States v. Snyder*, the defendant was on trial for willfully failing to pay over taxes, in violation of 26 U.S.C. § 7202, and embezzling from an employee-benefit plan, in violation of 18 U.S.C. § 664. 789 F. App'x 501, 503 (6th Cir. 2019). The court determined the evidence of two IRS witnesses, who testified defendant failed to file personal income-tax returns for many years, was propensity evidence, and thus inadmissible under Rules 403 and 404(b). *Id.* at 505. The court thus held the defendant's alleged personal tax problems were not "substantially similar" to the charged conduct. *Id.* (citation omitted). Unlike the evidence offered in *Snyder*, which the court determined "involved different taxes, taxpayers, and omissions," *id.* at 507, the evidence here is nearly identical conduct by Defendant in the years

26

preceding those charged in the Superseding Indictment, for both his individual and corporate returns.

In making this finding, the Court declines to adopt Defendant's assertion that "the greater the period of time between the dates alleged in the Superseding Indictment and the dates of the alleged prior bad acts, the less relevance the alleged prior acts have and the more confusion such prior acts cause." ECF No. 42, PageID.210. Indeed, Defendant has failed to provide any case law to support his argument that "[e]vidence of an alleged bad act that occurred 5 full years or more to the dates alleged in the Superseding Indictment should be prohibited as having little to no probative value[.]" *Id.* Nor has Defendant distinguished the facts of his case with those in *Harris* and *Ausmus*.

The Sixth Circuit has determined "[t]here is no absolute maximum number of years that may separate a prior act and the offense charged." *United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985) (collecting cases). Indeed, "the rule is that prior conduct must be reasonably near in time under the facts of the particular case." *Id.* (citations omitted). Courts have admitted evidence of tax returns several years before and after the years charged in criminal indictments. *See, e.g.*, *United States v. Popenas*, 780 F.2d 545, 548 (6th Cir. 1985) (holding it was not an abuse of discretion to admit returns from seven prior years in prosecution for tax evasion

27

because they arguably showed a pattern of under-reporting income, from which the jury might reasonably infer that the charged evasion was willful); *Ausmus*, 774 F.2d at 727–28 (holding it was not an abuse of discretion to admit evidence defendant failed to pay taxes for years before and after the years charged in the indictment in prosecution for willfully failing to pay taxes to show a pattern, plan, or scheme and dispel the notion that the charged nonpayment was due to negligence or inadvertence); *United States v. Granger*, No. 85-1833, 1986 WL 16145, at *2 (6th Cir. Oct. 17, 1986) (holding the district court did not err in admitting similar act evidence from an IRS agent concerning thirteen years prior to the first criminal act alleged in a tax preparer case).

Here, the Government is seeking to admit evidence from six years prior the earliest year charged in the Superseding Indictment: 2012 (Count One). As for Counts Two through Four, which allege Defendant failed to timely file his 2013 to 2015 individual returns, the Government seeks to admit evidence concerning Defendant's 2006 to 2011 individual returns. As for Counts Five through Eight, which charge Defendant with failing to timely file corporate returns for 2013 for MedCity and 2013, 2014, and 2015 for Alpha Living, the Government seeks to admit evidence concerning Defendant's 2010 to 2012 MedCity returns and 2009 to 2011

28

Alpha Living returns.  ECF No. 44, PageID.242–43.  The Court concludes these other acts occurred reasonably near in time to the present charges.

In sum, the evidence of Defendant's tax returns for himself and his businesses, beginning with the year 2006, is probative of intent, which is a material issue other than character.  The second prong of the Rule 404(b) admission analysis is thus satisfied.

### 3.  Prejudicial/Probative Balancing

Regarding the third and final prong of the Rule 404(b) analysis, the Court must determine whether the prejudicial impact of the proffered evidence substantially outweighs its aforementioned probative value.  In his Motion, Defendant argues the evidence "would result in unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time."  ECF No. 42, PageID.205.  He asserts that the Government's "unspoken goal" is to make him "appear to be a bad person." *Id.* at PageID.206.  As stated *supra*, during the hearing, Defendant further asserted his returns from 2006 and 2007 are cumulative, and therefore of little probative value, because the Government is also introducing late filed returns from 2008, 2009, 2010, 2011, and 2012.  *See* Fed. R. Evid. 403.

29

As discussed in the preceding section, "[e]vidence is not unfairly prejudicial simply because it provides more support for a conclusion that the defendant committed the crime.  It is unfairly prejudicial if its serves to 'inflame the passions of the jury' and cause them to ignore the evidence." *United States v. Daulton*, 266 F. App'x 381, 385 (6th Cir. 2008) (citation omitted); *United States v. Thomas*, 49 F.3d 253, 258-59 (6th Cir. 1995)).  The other-act evidence the Government seeks to introduce is not of the type to inflame the passions of the jury or cause them to ignore the evidence.  Rather, this evidence is of the same general conduct as the offenses charged in the present matter.  *See United States v. Jenkins*, 871 F.2d 598, 605 (6th Cir. 1989).

Nevertheless, pursuant to Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly cumulative evidence." Fed. R. Evid. 403.  Cumulative evidence is defined as "[a]dditional evidence that supports a fact established by the existing evidence (esp. that which does not need further support)."  Evidence, Black's Law Dictionary (11th ed. 2019).  "[A] district court has broad discretion to place limits on the presentation of evidence to prevent delay, waste of time, and needless presentation of cumulative material." *Hanover Am. Ins. Co. v. Tattooed*

30

*Millionaire Ent., LLC*, 974 F.3d 767, 778 (6th Cir. 2020) (alteration in original) (internal quotation marks omitted).

During the hearing, Defendant also averred the introduction of his untimely 2006 and 2007 tax returns would be unfair because the Government is unable to provide the 9984 Forms for calendar years 2006 and 2007, which would show he was complying with an IRS audit at the time and did not willfully file those returns late. *See* Section III.D. *infra*. Because Defendant does not object the admission of his late filed returns from 2008, 2009, 2010, 2011, and 2012, the Court concludes the 2006 and 2007 returns are cumulative. The Government offers Defendant's past individual tax returns to demonstrate Defendant's "intent, plan, knowledge, and absence of mistake or lack of accident." ECF No. 44, PageID.233. The Court finds five years' worth of untimely returns is sufficient to demonstrate Defendant's willful noncompliance with the tax laws. Moreover, given the unavailability of the potentially exculpatory evidence regarding the 2006 and 2007 returns, the probative value of these returns is substantially outweighed by their cumulative nature.[4] *See* Fed. R. Evid. 403.

---

[4] The Court also takes note of Defendant's citations to Rules 404(a) and 609 in support of his arguments against admission. ECF No. 42, PageID.206, 208. The Court agrees with the Government that neither of these rules are applicable to the present situation. As for Rule 404(a), the Government is not offering the aforementioned evidence as character evidence, but rather as other acts pursuant to

31

In sum, the Court finds the Government's proffered evidence satisfies the third prong of the Rule 404(b) admission analysis, but the Court will nevertheless exclude Defendant's 2006 and 2007 tax returns as unnecessarily cumulative. Accordingly, the Court will grant Defendant's Motion *in Limine* to Exclude Other Bad Act Evidence (ECF No. 42) with respect to his individual 2006 and 2007 tax returns and deny the Motion in all other respects.  In making this finding, the Court emphasizes that it will give a special instruction regarding the admissible evidence.[5] As such, the Court will require the Parties to prepare and submit a proposed special instruction regarding the admission of the "other bad acts" evidence prior to the commencement of trial.

### D. Defendant's Motion *in Limine* to Compel the United States to Produce Certain Tax Returns, Information and Reports (ECF No. 43)

In his third Motion, Defendant moves *in limine* to compel the Government to produce certain tax returns, tax information, and tax reports.  ECF No. 43. Specifically, Defendant seeks three categories of information, which are in the possession of the United States Department of Treasury through the IRS: (1)

---

Rule 404(b), as discussed *supra*.  ECF No. 44, PageID.248.  As for Rule 609, the evidence here does not concern a prior criminal conviction.  Moreover, the Government asserts it does not offer such evidence to impeach a witness' veracity. *Id*.

[5] The Government suggests the Court should give such an instruction.  ECF No. 44, PageID.247 (citing *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006)).

32

Defendant's income tax returns for the tax years 2000 through 2015; (2) the civil tax examiner audit notes (Form 9984) for each IRS audit conducted in whole or in part as to Defendant between January 1, 2004 through February 28, 2010;[6] and (3) the annual income tax returns of Loni Ramocan and her entity Ramocan Boles, LLC between January 1, 2011 and December 31, 2017.[7] *Id.* at PageID.214.

During the hearing, Defendant stated the Government has indicated it provided him all the tax returns and 9984 Forms in its possession.  The missing tax returns from tax years 2000 to 2005 and missing 9984 Forms from calendar years 2006 and 2007 have been destroyed pursuant to the IRS's normal document retention policy.  As such, Defendant withdrew his motion to compel as to these documents.  Defendant also acknowledged the Government did not act in bad faith in destroying the documents and dropped the spoliation argument implied in his Motion. The Court will address the remaining category (Ramocan's tax returns) *infra*.

Defendant seeks an order requiring the Government to produce the 2011 to 2017 tax returns of Loni Ramocan and her business, Ramocan Boles, LLC.  ECF No. 43, PageID.218.  He asserts "[t]his evidence tends to exculpate [him] with regard

---

[6] Defendant asserts that William Horton acted as his tax preparer during this period. ECF No. 43, PageID.214.  He explains that the audit notes will there "reflect conversations between the IRS examiners and Mr. Horton." *Id.*

[7] Defendant states that this period reflects the years in which Loni Ramocan was employed by his law office.  ECF No. 43, PageID.214.

33

to the charges that he willfully failed to file his tax returns during this period of time." *Id.* at PageID.219.  According to Defendant,

> [a] primary issue in these proceedings is whether [he] willfully failed to file certain … tax returns.  During a significant portion of this time, Loni Ramocan had the responsibility to prepare and file [his] tax returns.  While Ms. Ramocan met with the IRS she stated that she had too much work and could not complete and file the tax returns on time including her own tax returns and those of her business Ramocan Boles, LLC.  This evidence directly affects a primary issue in [his] case.  As such it should be produced.

*Id.* at PageID.221–22.

The Government opposes this request, arguing the substance of Ms. Ramocan's tax returns has no bearing on Defendant's tax deductions or his tax liability.  ECF No. 45, PageID.262.  While the Government confirms Ms. Ramocan stated that she did not prepare Defendant's tax returns because of her excessive workload, it contends she is not responsible for Defendant's alleged failure to file the returns.  *Id.* at PageID.259.  "[D]efendant was responsible for ensuring that his own tax returns were filed."  *Id.* at PageID.259–60.  Additionally, the Government argues that whether Ms. Ramocan was timely in filing her own tax returns has no bearing on the present matter.  *Id.* at PageID.260.  The Government also asserts it does not possess Ms. Ramocan's or her business' tax returns.  *Id.*

In his Reply, Defendant contends information relating to the dates in which each of Ms. Ramocan's returns were filed between 2011 and 2017, rather than the

34

actual returns, is sufficient.  ECF No. 47, PageID.291.  Thus, at the hearing, he

indicated he was willing to limit his request to the first two pages of each return.

According to Defense counsel, this would provide Defendant with the IRS stamp,

the date the return was filed, and Ms. Ramocan's signature block but no substantive

information regarding the return or her finances.

Section 6103 of the Internal Revenue Code generally prohibits disclosure of

tax returns and other tax return information unless permitted therein.  *Beresford v.

United States*, 123 F.R.D. 232, 231 (E.D. Mich. 1988).  Defendant argues several

subsections of § 6103(h)(4) support his initial requested disclosure, but the only one

of merit is § 6103(h)(4)(C).[8]  ECF No. 43, PageID.220.  Section 6103(h)(4) allows

disclosure "if such return or return information directly relates to a transactional

relationship between a person who is a party to the proceeding and the taxpayer

which directly affects the resolution of an issue in the proceeding."

---

[8] Defendant first relies on 26 U.S.C. § 6103(h)(4)(A).  ECF No. 43, PageID.219.
However, that subsection requires the taxpayer whose return is at issue to be a party
to the proceeding and is thus inapposite.  *See Taylor v. United States Gov't*, No.
2:18-cv-11185, 2018 U.S. Dist. LEXIS 153589, at *11 (E.D. Mich. Sept. 10, 2018).
Defendant next relies on § 6103(h)(4)(B).  ECF No. 43, PageID.220.  However, this
subsection permits disclosure "if the treatment of an item reflected on such return is
directly related to the resolution of an issue in the proceeding."  26 U.S.C. §
6103(h)(4)(B).  Ms. Ramocan's tax returns have no bearing on Defendant's personal
tax liability.  Moreover, this argument is moot now that Defendant has limited his
request to the first two pages of each return.

35

To support his argument, Defendant first cites *Davidson v. Brady*, 559 F. Supp. 456 (W.D. Mich. 1983), *aff'd* 732 F.2d 552 (6th Cir. 1984). In *Davidson*, the court determined disclosure of plaintiffs' "Statement of Financial Credit" to Edward Solomon, "the party to the proceeding," and his attorney to be authorized under § 6103(h)(4)(C). 559 F. Supp. at 461. The court explained, "Plaintiff's financial statement contains a statement of how much money Plaintiff owed Solomon, and thus directly related to this transactional relationship." *Id.* (internal quotation marks and alterations omitted). Moreover, the court noted the criminal proceeding against Solomon was a federal judicial proceeding relating to tax administration. *Id.*

Defendant next cites *First Western Gov't Sec., Inc. v. United States*, 796 F.2d 356 (10th Cir. 1986) in support of his argument that disclosure is proper under § 6103(h)(4)(C). ECF No. 43, PageID.220. In *First Western*, the IRS investigated the plaintiff as a promotor of abusive tax shelters. 796 F.2d at 357. The IRS audited twenty-five of plaintiff's customers and sent them Revenue Agent Reports ("RARs") explaining why their tax deductions were being disallowed. *Id.* at 357–58. The Tenth Circuit held the information in the RARs—including plaintiff's name, the reasons for disallowing tax deductions, and the fact that the plaintiff-company's president invoked his Fifth Amendment rights in response to questions about the allegedly abusive tax shelters—"is directly related to a transactional relationship

36

between the investors and plaintiffs and directly affected the resolution of an issue in the proceeding, that being the disallowance of deductions related to plaintiff's tax shelters." *Id.* at 360.

Lastly, Defendant cites an order from the Northern District of Ohio, which ordered the disclosure of a defendant's former clients' tax returns pursuant to § 6103(h)(4).  ECF No. 43, PageID.224.  In *United States v. Gardea*, the defendant was on trial for preparing false returns for his clients.  The defendant sought disclosure of tax returns prepared by his former clients for the years before the clients began using his tax preparing services.  ECF No. 43-1, PageID.227.  One of the issues in *Gardea* was whether the falsities the defendant placed on client returns originated with him and his services or with his clients.  As the Government explains in its Response, "evidence that the clients were placing similar false items on earlier or later returns not prepared by [the defendant] would tend to be exculpatory because such evidence would tend to show the falsities came from the clients and not the defendant."  ECF No. 45, PageID.264.  Accordingly, the *Gardea* court determined the former clients' returns "directly affect the resolution of an issue in the proceeding" pursuant to § 6103(h)(4).  ECF No. 43-1, PageID.227.

Here, the Court similarly finds Ms. Ramocan's tax returns would tend to be exculpatory and thus directly affect the resolution of an issue in the proceeding.  *See*

37

*id*.  Ms. Ramocan was Defendant's tax preparer and evidence that she untimely filed other returns tends to exculpate him of the charge that he willfully failed to file his tax returns during this period.  Further, the requested return information—which only consists of the first two pages of Ms. Ramocan's tax returns—directly relates to the transactional relationship between them as tax preparer and client to the extent it demonstrates Ms. Ramocan's pattern in preparing tax returns those years.  Moreover, the Court agrees with Defendant that "[c]opies of the actual tax returns in the possession of the IRS are the best evidence of the date and returns were received and filed."  *Id*.  Finally, the Court has "give[n] due consideration to congressional policy favoring the confidentiality of returns and return information," 26 USCS § 6103(h)(4)(D), and concludes Defendant's request is sufficiently limited.

In sum, the Court will grant in part and deny in part Defendant's Motion *in Limine* to Compel the United States to Produce Certain Tax Returns, Information and Reports (ECF No. 43).  Specifically, the Court will grant the Motion as to Defendant's request to compel disclosure of the first two pages of Ms. Ramocan's 2011 to 2017 tax returns and otherwise deny the Motion as moot.

### IV.   CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that the Court **DENIES** Defendant's Motion *in Limine* to Exclude Evidence of

38

Michigan State Bar Foundation IOLTA Account Requirements and Hearings (ECF Nos. 31, 32).

**IT IS FURTHER ORDERED** that the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion *in Limine* to Exclude Other Bad Act Evidence (ECF No. 42).  Specifically, the Court **GRANTS** the Motion with respect to Defendant's 2006 and 2007 tax returns and **DENIES** the Motion in all other respects.

**IT IS FURTHER ORDERED** that the Parties are to submit a proposed instruction regarding the admissible "other bad acts" evidence at least fourteen (14) days before trial.

**IT IS FURTHER ORDERED** that the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion *in Limine* to Compel the United States to Produce Certain Tax Returns, Information and Reports (ECF No. 43).  Specifically, the Court **GRANTS** the Motion as to Defendant's request to compel disclosure of the first two pages of Ms. Ramocan's tax returns from 2011 to 2017 and otherwise **DENIES** the Motion as moot.

**IT IS FURTHER ORDERED** that by agreement of the Parties, the trial date set for January 25, 2022 **IS HEREBY ADJOURNED**.  The Parties are **ORDERED**

39

to **APPEAR** before the Court for a Status Conference on **March 1, 2022 at 3:00 p.m.**

    **IT IS SO ORDERED**.

                                        s/Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        UNITED STATES DISTRICT JUDGE

Dated:  January 27, 2022


                        CERTIFICATE OF SERVICE

            Copies of this Order were served upon attorneys of record on
              January 26, 2022, by electronic and/or ordinary mail.
                            /s/ Teresa McGovern
                              Case Manager

40